**Alfred U. McKENZIE, et al.**

v.

**Ralph KENNICKELL, Jr., Public Printer, Appellant.**

No. 88–5155.

United States Court of Appeals, District of Columbia Circuit.

Aug. 31, 1989.

Before MIKVA, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of appellant's Petition for Rehearing, filed July 7, 1989, it is

ORDERED, by the Court, that the petition is denied.

Circuit Judge BUCKLEY would grant the petition for rehearing.

SILBERMAN, Circuit Judge, joined by BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges, dissenting in the denial of rehearing en banc:

As the government notes, this is a case of exceptional importance to our circuit, for it is in this circuit that a substantial percentage of cases against federal agencies under the more than 100 federal fee-shifting statutes are brought. And the issues presented—the methodology of determining the appropriateness of both contingency and quality enhancements to attorneys representing prevailing plaintiffs under these statutes—are of enormous consequence, to the public fisc in terms of the cost of fee enhancements, to the judiciary in terms of the burden of litigation over fee enhancements, as well as to lawyers and litigants suing under fee-shifting statutes.

Like Judge Buckley, I do not believe that the panel's approach as to the availability of a contingency component is consistent with the Supreme Court's decision in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) ("*Delaware Valley II*"). Justice O'Connor's concurring opinion (which, perforce, is the governing standard) left open the possibility of the award of a contingency enhancement if "*the prevailing party* 'would have faced substantial difficulties' in obtaining competent counsel 'in the relevant market' absent an upward fee adjustment for contingency risks." Opinion of Buckley, J. 875 F.2d 330 at 340–41 (D.C.Cir.1989) (quoting *Delaware Valley II*, 107 S.Ct. at 3091 (O'Connor, J.,

concurring)) (emphasis in original). Notwithstanding our previous characterization of Justice O'Connor's opinion as setting "limited" and "stringent" standards for contingency multipliers, *see Thompson v. Kennickell*, 836 F.2d 616, 621 (D.C.Cir. 1988), the majority—apparently believing that Justice O'Connor's test has unfortunate consequences—disregards it and establishes a nearly categorical rule that portends rather routine awarding of contingency enhancements. The majority broadly defines "the relevant market" as "all contingency claims in the District of Columbia, particularly other types of complex federal litigation, ..." Majority Op. 875 F.2d at 334, thereby virtually ensuring that these and probably all future plaintiffs meet the first prong of Justice O'Connor's test—that "the relevant market" adds a premium for contingent fee cases as a class over those where counsel is paid regardless of the outcome. *See Delaware Valley II*, 107 S.Ct. at 3089–90 (O'Connor, J., concurring); *Thompson*, 836 F.2d at 621. Second, the majority holds that applicants need only show that they would have had difficulty obtaining counsel without the enhancement, not that they faced *actual* difficulty. Then, after noting that in 1973 and 1974 Title VII counsel "expected some form of enhancement" for contingency, Majority Op. at 337, the majority simply states that it agrees with the district court that "the plaintiffs in this case would have encountered such difficulty." Majority Op. at 338. That counsel "expected" enhancement, in no way proves, and there was no other evidence to suggest, that *these plaintiffs* had or would have had any difficulty, let alone "*substantial* difficult[y]," securing counsel in *this* case. *Delaware Valley II*, 107 S.Ct. at 3091 (O'Connor, J., concurring) (emphasis added).[1]

I think the court, *en banc*, should more faithfully elaborate Justice O'Connor's approach, although I concede that her position creates enormous difficulties for judicial application and, therefore, perhaps the

---

1. Indeed, the district court specifically noted that counsel accepted *this* case without "explicitly consider[ing] the possibility of an enhancement," *see McKenzie v. Kennickell,* 684 F.Supp. 1097, 1104 (D.D.C.1988).

Supreme Court should reevaluate the issue. It would surely help the struggling Courts of Appeals if the Supreme Court clarified what it means by the "relevant market," explained how contingency enhancements that are presumptively unavailable and awarded only in post-litigation proceedings would ever be needed or used to attract counsel, and also described what—if any—are the standards for granting a quality enhancement. *Compare* Majority Op. at 338–39 *with Thompson*, 836 F.2d at 621–23.